UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00570-FDW
(3:10-cr-00196-FDW-1)

| | |
|---|---|
| CHARLES JENKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Charles Jenkins's pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1.)

I.     **RELEVANT BACKGROUND**

On March 3, 2011, Jenkins pled guilty in this Court to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g) and 924(e), and one count of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 851. Accept. and Entry of Plea, Doc. No. 13.[1] His case was referred to the U.S. Probation Office for preparation of a presentence investigation report ("PSR"). The probation officer concluded that Jenkins qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based upon seven (7) prior felony convictions in North Carolina. PSR ¶ 19, Doc. No. 23.

The Court sentenced Jenkins as an armed career criminal to concurrent 180 month prison terms. J., Doc. No. 25; Stmt. of Reasons, Doc. No. 26. Judgment was entered on February 14,

---

[1] Unless otherwise indicated, all document citations not in parentheses are from the docket in the underlying criminal case: United States v. Jenkins, 3:10-cr-00196-FDW-1 (N.C.W.D.).

1

2012. Id. Jenkins did not file a direct appeal.

On June 22, 2016, Petitioner filed a motion under 28 U.S.C. § 2244 in the Fourth Circuit Court of Appeals seeking authorization to file a § 2255 motion in federal district court. In re: Charles Jenkins, No. 16-9841 (4th Cir.), ECF No 2. Petitioner has never filed an initial § 2255 motion and, therefore, did not need the appellate court's permission to do so. Accordingly, the Fourth Circuit converted Petitioner's § 2244 action to a motion pursuant to § 2255 and transferred it to this Court. (Doc. No. 2.).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Court, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If it plainly appears that the petitioner is not entitled to relief, the court must dismiss the motion. See id. After conducting its review, the Court finds that the issue presented in the Motion to Vacate can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner's sole claim is that his judgment should be vacated and that he should be resentenced without the armed career criminal designation, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying prior convictions for either a "violent felony" or a "serious drug offense," and those convictions are "committed on occasions different from one another." § 924(e)(1). The ACCA defines a "violent felony" as any crime punishable by

imprisonment for a term exceeding one year that:

    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B)(i)(ii) (emphasis added). The italicized closing words of § 924(e)(2)(B)(ii) constitute the ACCA's residual clause. See Johnson, 135 S. Ct. at 2556.

In Johnson, the Court held that the ACCA's residual clause is unconstitutionally vague. Id. at 2558. Thus, a defendant who was sentenced to a mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. In Welch v. United States, the Supreme Court held that the ruling in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Jenkins cannot obtain relief under Johnson. As an initial matter, he does not identify which of his prior convictions fall only under the residual clause of the ACCA's violent felony definition. Regardless, Jenkins has at least three prior convictions for "serious drug offenses" which remain unaffected by the Johnson decision. PSR ¶¶ 36, 39, 41. Moreover, the Johnson decision left intact application of the ACCA to the four offenses enumerated in the statute – burglary, arson, extortion, or use of explosives – as well as "the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563. According to Fourth Circuit precedent, at least one of Jenkins's North Carolina convictions for breaking and entering meets the generic definition of burglary under the ACCA. See United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) (holding that North Carolina breaking and entering categorically qualifies as burglary under 18 U.S.C. § 924(e)(2)(B)(ii)).

Thus, even after Johnson, Petitioner has at least three prior convictions that qualify him for the ACCA sentencing enhancement. Consequently, his § 2255 Motion to Vacate fails and

will be dismissed.

**IT IS, THEREFORE, ORDERED THAT:**

1. The § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** with prejudice; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 3, 2018

Frank D. Whitney
Chief United States District Judge