UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00196-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| vs. | ) | |
| | ) | ORDER |
| CHARLES JENKINS, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Motions for Compassionate Release, (Doc. No. 33, filed *pro se* and amended through counsel at Doc. No. 37). This motion has been fully briefed by the parties, who have also provided supplemental briefing and evidence since the original filing of the motions, and is ripe for ruling. Although Defendant has shown extraordinary and compelling reasons to warrant a sentence reduction, the Court's consideration of the relevant § 3553(a) sentencing factors call for full service of the sentence as imposed. Therefore, as explained below, the Court DENIES Defendant's Motions for Compassionate Release (Doc. No. 33, 37).

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and argues extraordinary and compelling reasons, along with consideration of the 18 U.S.C. § 3553(a) factors, support his request to reduce his sentence to time served. Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a

sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A); see also Kibble, 992 F.3d at 330-31, 331 n.3 (per curiam) ("In stark contrast to the portion of the statute that requires a sentence reduction to be 'consistent with applicable policy statements,' § 3582(c)(1) merely requires district courts to 'consider[ ]' the relevant § 3553(a) factors. We understand this language as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release.").[1] Here, it is undisputed that Defendant has exhausted his administrative remedies. The Court thus turns its analysis to whether extraordinary and compelling reasons exist to reduce Defendant's sentence and consideration of the relevant § 3553(a) factors.

As an initial matter, the Government reports Defendant is fully vaccinated against COVID-19 having received his second dose of the Moderna vaccine on June 11, 2021. (Doc. No. 45, Exhibit 1). The Centers for Disease Control and Prevention have evaluated the "Delta Variant" of COVID-19, and they explain that the Moderna COVID-19 vaccine that Jenkins received remains "effective." Centers for Disease Control and Prevention, Benefits of Getting a COVID-19 Vaccine, (Aug. 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. Furthermore, "Vaccines continue to be highly effective at preventing hospitalization and death, including against this [Delta] variant." Id. Because Defendant's

---

[1] Here, the parties have argued several factors within U.S.S.G. § 1B1.13 support their respective positions on Defendant's motion to reduce his sentence. Since the filing of the parties' briefs, however, the Fourth Circuit has explained it is error for a district court to apply U.S.S.G. § 1B1.13 unless a request for compassionate release is made "[u]pon motion of the Director of the Bureau of Prisons ["BOP"]." United States v. McCoy, 981 F.3d 271, 281–83 (4th Cir. 2020) (holding that "There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)."); see also Kibble, 992 F.3d 326, 331 (4th Cir. 2021) (affirming denial of compassionate release motion "[n][o]twithstanding the district court's error in applying USSG § 1B1.13" after explaining "Mr. Kibble filed his motion for compassionate release directly with the district court; the Director of the BOP did not submit it on his behalf. Accordingly, USSG § 1B1.13 did not apply to Mr. Kibble's request. The district court erred in holding otherwise."). It is undisputed Defendant, and not the BOP, filed the instant motion. The Court has accordingly reviewed the helpful but non-binding guidance from U.S.S.G. § 1B1.13, while also recognizing that this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." McCoy, 981 F.3d at 284 (quotation omitted; emphasis in original).

vaccination significantly mitigates the risk of contracting COVID-19, the risk of contracting the virus is insufficient, on its own, for Defendant to establish an "extraordinary and compelling" reason for compassionate release.

Similarly, Defendant's medical conditions, some of which are serious, do not rise to the level of "extraordinary or compelling" on their own. Defendant's health records indicate that he has been receiving regular medical care, including medications for his underlying health conditions and transportation for care in a hospital when needed. In short, the record demonstrates Defendant's medical concerns are being appropriately managed by the BOP.

Nevertheless, under this record, extraordinary and compelling reasons exist to warrant a sentence reduction. See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)). In so concluding, the Court recognizes it is "empowered . . . to consider *any* extraordinary and compelling reason for release" and the Court has done so by considering all reasons Defendant has raised in the instant motion. United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quotation omitted; emphasis in original). Here, Defendant has sufficiently established that the *combined* impact of Defendant's specific underlying health conditions, the threat of the COVID-19 pandemic, and the conditions of his confinement within the Bureau of Prisons' system warrants a sentence reduction under § 3582(c)(1)(A)(i).[2] See, e.g., United States v. Kibble, 992 F.3d 326, 333–34 (4th Cir. 2021) (Gregory, C.J., concurring) (recognizing a "combination of factors rightly gave rise to the extraordinary and compelling circumstances animating this case," and noting the defendant's

---

[2] The Court notes Defendant's supplemental filing indicates he is now incarcerated at FMC Fort Worth, where the COVID-19-related death toll for inmates is the third highest among federal prisons. (Doc. No.45, p. 2 (citation omitted).

medical conditions, the impact of COVID-19—including the rate of spread and death toll—at the specific facility where the defendant was imprisoned, and other factors could collectively qualify as extraordinary and compelling).

Notwithstanding the conclusion that Defendant has sufficiently met his burden of establishing an "extraordinary and compelling reason" for a sentence reduction, the Court denies the motion because—under the current record before the Court—it is not warranted under consideration of the applicable § 3553(a) factors. U.S. v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).") In considering the relevant 18 U.S.C. § 3553(a) factors,[3] the Court looks not only to the relevant factors considered by the Court when it initially sentenced Defendant, but also to Defendant's sentence-modification arguments and post-sentencing mitigation evidence provided in support of the instant motion. See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide rationale in addressing § 3582(c)(2) sentence-modification motion); United States v. High, 997 F.3d 181 (4th Cir. May 7, 2021) (applying

---

[3] In considering whether release is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Chavez-Meza and Martin to affirm decision in the district court denying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)).

In reconsidering all of the § 3553(a) sentencing factors applicable here, the Court highlights a few, including the nature and circumstances of the offense and the history and characteristics of Defendant, as well as the need for the sentence to provide just punishment, afford adequate deterrence, provide Defendant with needed medical care, and protect the public. Defendant is an Armed Career Criminal, and his criminal activity includes a long history spanning four decades of repeated convictions—several involving firearms—and violations or revocations while on probation. The crimes for which Defendant is currently incarcerated occurred while he was in his mid-fifties and on probation following incarceration. None of his previous terms of imprisonment have served as a deterrent, and Defendant is a dangerous reoffender from whom society must be protected. Additionally, this Court was aware of many of Defendant's current underlying health conditions at the time of the original sentencing, and the record indicates Defendant is receiving the appropriate medical care in the most effective manner. Finally, in fashioning a just punishment to reflect the seriousness of the offense, the Court's original sentence imposed the mandatory minimum sentence of 180 months, which was *below* Defendant's advisory guideline sentencing range of 188 to 235 months.

Defendant's filings are devoid of any post-sentencing mitigation evidence to demonstrate his attempts at rehabilitation or other exceptional post-sentencing conduct. Martin, 916 F.3d at 396; see also High, 997 F.3d at 190 (recognizing "While these are certainly positive factors, they are much more similar to the various educational courses Chavez-Meza had taken in prison than to the exceptional post-sentencing conduct of the defendants in Martin and McDonald." (citing Chavez-Meza, 138 S. Ct. at 1967; Martin, 916 F.3d at 396; United States v. McDonald, 986 F.3d

402, 412 (4th Cir. 2021)). Instead, Defendant relies on the facts that he is more than 65 years old, has served approximately eleven years of his fifteen-year sentence, has only received two disciplinary write-ups while incarcerated,[4] and is scheduled for release in approximately two years in July 2023. Under this record, Defendant's mitigation arguments fail to outweigh the Court's consideration of other § 3553(a) factors and are insufficient to support a sentence reduction.

In sum, even after finding "extraordinary and compelling reasons," the Court declines to reduce Defendant's term of imprisonment from 180 months to time served because consideration of the applicable § 3553(a) factors counsel against such modification in this case. For these reasons, the Court denies Defendant's Motions for Compassionate Release (Doc. Nos. 33, 37).

IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), the Court DENIES Defendant's Motions for Compassionate Release (Doc. Nos. 33, 37).

IT IS SO ORDERED.

Signed: September 8, 2021

Frank D. Whitney
United States District Judge

---

[4] Notably, one incident involved Defendant's possession of a hazardous tool, which is particularly troubling given Defendant's history involving weapons. (Doc. No. 37-2).